Daniel K. Slaughter (SBN 136725)
Michael F. Donner (SBN 155944)
STEIN & LUBIN LLP
Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, CA  94111
Telephone:    (415) 981-0550
Facsimile:     (415) 981-4343
dslaughter@steinlubin.com
mdonner@steinlubin.com

Attorneys for Defendant
McAFEE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER BILODEAU,<br><br>              Plaintiff,<br><br>v.<br><br>McAFEE, INC., and CAPITAL INTELLECT, INC.,<br><br>              Defendants. | Case No.  CV 12-04589 LHK<br><br>**DEFENDANT McAFEE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br>[U.S. Const. art. III, Fed. R. Civ. P. 9(b), 12(b)(6)]<br><br>Date: March 28, 2013<br>Time: 1:30 p.m.<br>Courtroom: 8<br><br>Complaint filed: August 31, 2012<br>Trial date: None set<br>Judge: Hon. Lucy H. Koh |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on March 28, 2013 at 1:30 p.m. or as soon as the matter may be heard, before The Honorable Lucy H. Koh in Courtroom 8 of the above-entitled Court, located at 280 South First Street, San Jose, California 95113, defendant McAfee, Inc. will and hereby does move the Court for an Order dismissing plaintiffs' Complaint.

The Motion is made pursuant to the United States Constitution Article III, Federal Rules of Civil Procedure 9(b) and 12(b)(6), and on the grounds that:

(1) All of plaintiff's claims are grounded in fraud and are not pled with sufficient particularity;

(2) All of plaintiff's claims fail to allege concrete and particularized injury caused by McAfee, and therefore plaintiff lacks standing;

(3) Plaintiff's First and Third Causes of Action fail to state a claim because the acts giving rise to those claims occurred in Massachusetts, and the California statutory laws upon which those claims are based do not apply to plaintiff, a resident of New Jersey, complaining about acts outside California;

(4) Plaintiff's Third and Fourth Causes of Action fail to allege the required element of a breach of a contract obligation by McAfee, and fail to allege damages to plaintiff resulting from anything McAfee did; and

(5) Plaintiffs' Fifth Cause of Action, for breach of the implied covenant of good faith and fair dealing is duplicative of and based on the same facts and allegations as her contract claim.

The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Cindia De La Torre, any reply or other papers filed in support, the Complaint, and argument of counsel at the hearing.

51160037/477733v2                                  1                          Case No. CV12-04589 LHK
MCAFEE'S MOTION TO DISMISS COMPLAINT

| | | |
|---|---|---|
| 1 | Dated: November 9, 2012 | STEIN & LUBIN LLP |
| 2 | | |
| 3 | | By: /s/ Daniel K. Slaughter |
| 4 | | Daniel K. Slaughter<br>Attorneys for Defendant<br>McAFEE, INC. |

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION .................................................................................................... 1
II.   FACTUAL BACKGROUND .................................................................................. 2
    A.    McAfee's Involvement in this Lawsuit.......................................................... 2
    B.    Plaintiff's Charging Allegations .................................................................... 3
    C.    Plaintiff's Legal Claims ................................................................................. 5
III.  ARGUMENT ........................................................................................................... 5
    A.    Legal Standard .............................................................................................. 5
    B.    Plaintiff's Claims Fail to Satisfy Rule 9(b)................................................... 6
    C.    Plaintiff Fails to Allege Particularized Injury for Standing ......................... 8
    D.    Plaintiff's California Statutory Claims Should Be Dismissed .................... 9
    E.    Plaintiff's Warranty and Contract Claims Fail to Allege Breach or Damages...................................................................................................... 10
    F.    Plaintiff's Implied Covenant Claim Should Be Dismissed ....................... 11
IV.  CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................................................... 6

*Badella v. Deniro Marketing LLC,*
   2011 WL 5358400 (N.D. Cal. Nov. 4, 2011) .......................................................................... 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 6

*Gross v. Symantec Corp.,*
   2012 WL 3116158 (N.D. Cal. July 31, 2012) ............................................................... 1, 9, 11

*Kearns v. Ford Motor Corp.,*
   567 F.3d 1120 (9th Cir. 2009) ................................................................................................ 6

*Lazy Y Ranch Ltd. v. Behrens*,
   546 F.3d 580 (9th Cir. 2008) .................................................................................................. 6

*Marolda v. Symantec Corp.*,
   672 F. Supp. 2d 992 (N.D. Cal. 2009) ................................................................................... 6

*Maya v. Centex Corp.,*
   658 F.3d 1060 (9th Cir. 2011) ................................................................................................ 8

*Mazur v. eBay, Inc.,*
   2008 WL 618988 (N.D. Cal. Mar. 4, 2008) ........................................................................... 7

*McDonald v. John P. Scripps Newspaper,*
   210 Cal. App. 3d 100 (1989) ................................................................................................ 10

*Pareto v. F.D.I.C.,*
   139 F.3d 696 (9th Cir. 1998) .................................................................................................. 6

*Parker v. Iolo Technologies, LLC,*
   2012 WL 4168837 (C.D. Cal. Aug. 20, 2012) ............................................................. 1, 9, 11

*Parkinson v. Hyundai Motor America,*
   258 F.R.D. 580 (C.D. Cal. 2008) ........................................................................................... 9

*Rosal v. First Fed. Bank of Cal.,*
   671 F.Supp.2d 1111 (N.D. Cal. 2009) ................................................................................. 11

*Sanders v. Apple Inc.,*
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................................. 10

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .................................................................................................. 6

*Sullivan v. Oracle Corp.*,
    51 Cal.4th 1191 (2011) ........................................................................................................ 9

*Sullivan v. Oracle Corp.*,
    662 F.3d 1265 (9th Cir. 2011) ............................................................................................. 9

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ........................................................................................... 3, 6

*Tidenberg v. Bidz.com, Inc.*,
    2009 WL 605249 (C.D. Cal. March 4, 2009) ....................................................................... 9

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................................................. 6

*Zepeda v. PayPal, Inc.*,
    777 F.Supp.2d 1215 (N.D. Cal. 2011) ................................................................................ 11

**STATUTES**

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ..................................................................................... 5

California Commercial Code § 2313 ............................................................................................. 5

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 9(b) ..................................................................................... passim

Federal Rule of Civil Procedure Rule 12(b)(6) ............................................................................. 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This suit concerns software known as Registry Power Cleaner ("RPC") that consumers use to remedy errors on their personal computers thereby resolving speed and performance problems. Plaintiff's complaint is essentially cut and pasted from several other complaints filed by plaintiff's counsel, each of which relates to different registry cleaning software from different companies. See *Parker v. Iolo Technologies, LLC,* 2012 WL 4168837, *3 n.1 (C.D. Cal. Aug. 20, 2012) (granting motion to dismiss); *Gross v. Symantec Corp.,* 2012 WL 3116158 (N.D. Cal. July 31, 2012) (same).

RPC is made by defendant Capital Intellect, Inc. ("Capital") in Boston. Although McAfee, Inc. ("McAfee") sold the software to plaintiff through its online store, it had no involvement with RPC's design or development, nor did McAfee create the marketing for it. That is, with respect to the RPC software at issue in this matter, McAfee is nothing more than a retailer who republished marketing statements provided by Capital.

Plaintiff does not complain about RPC's *cleaning* function which is featured on McAfee's site as the primary function of the software. Rather, the suit has to do with RPC's *reporting* function. Plaintiff asserts that, after RPC is installed and scans a computer, it "falsely" reports that the computer is at "High Risk" – meaning that it contains errors that could impede the function of the computer – regardless of the actual condition of the computer. Plaintiff alleges this "scares" consumers into continuing to use the software beyond the 30-day money back guarantee period. These allegations are not based on an examination of plaintiff's or any other consumer's computer, but rather on an alleged expert's examination of the software on a virtual computer.

McAfee brings this Motion on the grounds that plaintiff lacks standing and fails to state a claim against McAfee. Under Federal Rule of Civil Procedure 9(b), claims that "sound in fraud" must be alleged with particularity. All of plaintiff's claims are based on the same supposed fraud – that the software inaccurately reports "threats" – but plaintiff's specific allegations against McAfee do not support that claim. Instead, the Complaint generally alleges

that McAfee represented that RPC would accurately report errors, but McAfee did not actually make such a representation and the specific marketing statements quoted in the Complaint from McAfee's website do not concern the reporting function.  Instead, the representations on McAfee's site have to do with RPC's cleaning function which plaintiff does not challenge.  Plaintiff has not alleged with specificity any viable claim against McAfee, and therefore the complaint should be dismissed.

Even if Rule 9(b) were satisfied, all of plaintiff's claims would still fail because she fails to allege any concrete and particularized injury and therefore lacks Article III standing.  Plaintiff's theory relies entirely on the alleged examination of the software by her unnamed proposed expert.  That expert says RPC's scan reports are inaccurate, but he does *not* say that RPC failed to fix the errors McAfee's website promised it would fix.  Nor does the Complaint elsewhere allege that the software failed to accomplish the tasks for which plaintiff purchased it.  Thus, plaintiff fails to establish standing.

Plaintiff's individual claims fail for three additional reasons.  First, plaintiff's two California statutory claims should be dismissed because she has not alleged that the "bad" conduct – designing the software to falsely report computer "threats" – emanated from California.  Second, the contract and warranty claims fail to allege a breach of any identified obligation and fail to allege that plaintiff has been damaged.  Finally, plaintiff's implied covenant claim fails because it is duplicative of the contract claim in contravention of California law.  This Motion should be granted.[1]

## II.   FACTUAL BACKGROUND

### A.   McAfee's Involvement in this Lawsuit

As plaintiff admits, the Registry Power Cleaner software at issue here was developed by Capital, not McAfee.  Complaint ¶18.  Capital is a Delaware corporation with its headquarters and principal place of business in Massachusetts.  *Id.* ¶11.  Plaintiff does not allege Capital has any operations in California and, in fact, Capital does not.

---

[1] This Motion addresses only McAfee's liability.  McAfee expresses no opinion regarding whether the diagnostic test report Capital's RPC software creates, or any other representation by Capital, could be a source of liability for Capital.

Plaintiff alleges generally "on information and belief" that McAfee "endorses, markets and sells" RPC through its site. Complaint ¶18. In reality, McAfee obtains all the marketing materials for RPC from Capital and merely repeats the descriptions of RPC provided by Capital on McAfee's site. Request for Judicial Notice ("RJN"), De La Torre Dec. ¶2.[2] That is, McAfee provides nothing more than virtual "shelf space" for Capital's software. *Id.* ¶3. Contrary to plaintiff's allegations, McAfee does not sell a "trial version" of the RPC software. Instead, McAfee sells only the full version, for which consumers are charged at the time of purchase. *Id.* ¶4. As plaintiff alleges, McAfee offers a money back guarantee if the consumer returns the software within 30 days for any reason. *Id.* Ex. A; Complaint ¶32.

**B.   Plaintiff's Charging Allegations**

It is clear that plaintiff sought out RPC as a solution to a known problem with her PC. Before she even looked for cleaning software, she "experience[d] problems with her computer" including that the "speed [was] drastically decreased and it often froze or shut down without warning." Complaint ¶36. She searched for a solution on the Internet and eventually came upon an advertisement for RPC, which allegedly directed her to McAfee's website. *Id.* ¶37.

Plaintiff does not identify the specific representations about RPC that she saw on McAfee's website. She does not attach to the Complaint the "advertisement" she says she saw, nor does she quote it in full. Rather, she alleges that she saw "representations about the software's utility" and then generally describes those representations, without quoting them or referring to anything specific other than "such beneficial tasks as those described in Paragraphs 20-22." *Id.* ¶¶38, 39. Those "beneficial tasks" include repairing registry errors, improving speed, scanning for hidden threats and preventing crashes. *Id.* ¶21, 22. For the convenience of the Court, McAfee has filed herewith the product pages for RPC from McAfee's website from which

---

[2] McAfee's Request for Judicial Notice, filed together with the De La Torre Declaration, attaches the actual disclosures regarding RPC that appear on McAfee's website. Plaintiff's complaint references these representations, so it is proper for the Court to consider them even though plaintiff did not attach them to her complaint. *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007). The rest of the information in the De La Torre declaration is background information submitted to assist the Court in making a determination. However, none of that additional information is necessary to McAfee's motion.

1  plaintiff's allegations appear to have been quoted and upon which the Complaint relies. RJN Ex.
2  A.
3           The primary thrust of plaintiff's allegations is that RPC "falsely" reports that
4  consumers' computers are at "High Risk," and thereby "scares" consumers into continuing to use
5  the software beyond the 30-day money back guarantee period. Complaint ¶¶7, 25, 29. Yet
6  plaintiff does not allege that *McAfee* represented that RPC would report the scan results to her and
7  does not allege that *McAfee* represented anything about the quality of the "scan." The general
8  allegation in paragraph 21 alleges nothing about representations concerning how that scan would
9  be performed, whether the results of the scan would be reported or that the threats would be
10 identified at all or in any particular way.
11          Plaintiff alleges she downloaded and installed RPC and performed a scan. *Id.*
12 ¶¶39, 40. The software reported that her PC had "Critical Errors" and was at "High Risk." *Id.*
13 ¶40. Plaintiff allegedly relied upon the software's report – that is, *Capital's* report to her through
14 its software – to continue using RPC "beyond the thirty (30) day trial period." *Id.* ¶41.
15          Plaintiff also alleges generally that she relied upon "McAfee's representations
16 regarding the functionality and utility" of the software (*id.* ¶41), but she does not identify the
17 specific representations upon which she allegedly relied. As noted above, plaintiff's quoted list
18 of representations on McAfee's site has nothing to do with the quality of the scan, how it was
19 conducted, what it would report (if anything) and whether it would actually identify "critical"
20 errors or not. Indeed, plaintiff's general allegations that McAfee "recommends that consumers
21 download the software for '30-day[s]' to conduct diagnostic scans" (*Id.* ¶23) appears to be based
22 entirely on the general 30-day money back guarantee that McAfee offers for any product sold on
23 its site. Plaintiff does not quote any actual download or scan recommendation from McAfee's
24 site, and does not allege that she saw or relied on any such recommendation in deciding to buy
25 RPC. *See id.* ¶39.
26          Plaintiff alleges generally that the errors "did not exist and/or did not pose any
27 actual risk to" her computer. *Id.* ¶42. The "and/or" in this statement is telling. Reading the
28 Complaint closely, it is clear that plaintiff does not actually know and does not allege whether the

errors in her computer reported by the RPC software actually exist. She does not attach a list of errors or any other report; she does not allege which errors she believes did not exist; she does not explain how she knows they "did not exist." She does say she retained an alleged expert "through her attorneys" who opined that RPC "invariably report[s]" errors. *Id.* ¶30. But the unidentified expert did not test plaintiff's PC or any other consumer's PC, but rather examined RPC as installed on an unidentified "virtual computer system." *Id.* Nor does plaintiff allege that the expert concluded that errors were found that did not exist; the proposed expert states only that errors would be reported "in a uniform manner." *Id.* Nor does the complaint reveal anything about the expertise of the alleged expert, his testing methods or results.

### C. Plaintiff's Legal Claims

Based on the above allegations, plaintiff asserts claims for (1) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* through "fraudulent, unfair and unlawful" acts; (2) fraudulent inducement; (3) breach of express warranties in violation of California Commercial Code § 2313; (4) breach of contract; and (5) breach of the implied covenant of good faith and fair dealing. Plaintiff brings her claims on behalf of a purported class of United States residents who paid "Defendants" for RPC. Complaint ¶45. Of course, the portion of this alleged class who purchased RPC from Capital or outlets other than McAfee can have no claim against McAfee.

Plaintiff's allegations are couched in the broadest possible terms, at times alluding to all of RPC's functions, including cleaning, but a close reading of the complaint makes clear that the only supposed "fraud" or other source of liability is the alleged "report[ing of] fake errors." Complaint ¶¶60, 70, 80, 87, 97. Plaintiff prays for statutory and punitive damages, injunctive relief, and attorneys' fees. Complaint at p.19. Plaintiff does not seek restitution under the UCL, the only form of monetary relief available under that statute.

## III. ARGUMENT

### A. Legal Standard

To avoid dismissal under Rule 12(b)(6) the complaint must allege "enough facts to state a claim to relief that is plausible on its face"; it "requires more than labels and conclusions,

and a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). That is, plaintiff must (1) provide enough detail to give defendant fair notice of her claims, (2) establish that her claims are plausible, rather than merely speculative, and (3) show that relief is warranted. *Twombly*. at 555-56.

For purposes of this Motion, the Court accepts as true all material allegations in the complaint and draws all reasonable inferences from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations, however. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Further, the Court should not "accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The Court "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (2007).

### B.  Plaintiff's Claims Fail to Satisfy Rule 9(b)

All of plaintiff's claims sound in fraud and must meet the particularity requirements of Federal Rule of Civil Procedure 9(b). Each claim is based on the supposed failure of RPC to accurately report registry errors. Complaint ¶¶60, 70, 80, 87, 97. In such circumstances, even if "fraud is not a necessary element of [a particular] claim . . . the pleading of the claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-04 (9th Cir. 2003); see also *Kearns v. Ford Motor Corp.,* 567 F.3d 1120, 1125-27 (9th Cir. 2009) (holding UCL claims including "unfair" claims must satisfy Rule 9(b) if plaintiff alleges a "unified course of fraudulent conduct").

"Averments of fraud must be accompanied by 'the who, what, when, where and how' of the misconduct charged." *Vess,* 317 F.3d at 1106. The particularity requirement also extends to the falsity of the statement and plaintiff's reliance on it. *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1001 (N.D. Cal. 2009) (alleged falsity of representation regarding either/or

1 choice between products should be shown by copy of bill indicating charges for both products);
2 *Mazur v. eBay, Inc.,* 2008 WL 618988, *13 (N.D. Cal. Mar. 4, 2008) ("the same level of
3 specificity is required with respect to [pleading] reliance").

4       Plaintiff's allegations fall short of the Rule 9(b) standard. She attaches no
5 advertisements or other disclosures. She sets out five partial quotes from McAfee's website
6 (Complaint ¶¶21, 22), but does not say that she saw or relied upon these specific statements.
7 Instead, she avers only that she relied upon "representations made by Defendants" (not McAfee
8 specifically) that RPC would perform "such beneficial tasks as those" in the quoted statements.
9 *Id.* ¶39. Plaintiff does not allege she saw or relied upon the specific statements partially quoted
10 from McAfee's site.

11       More importantly, *none* of the statements attributed to McAfee promise that RPC
12 will report errors to the consumer. That is, none of McAfee's alleged statements are
13 representations that RPC does anything more than scan and clean the computer. And plaintiff
14 does not allege that RPC fails to scan or clean – only that the results of the scan are reported in a
15 misleading way. Put another way, plaintiff fails to specifically allege any fraud by McAfee
16 because the core of plaintiff's contention that she was defrauded is that the reported result of the
17 software's scan was inaccurate. But that report cannot be attributed to McAfee since plaintiff
18 admits McAfee did not produce the software that provided the report.

19       Plaintiff attempts to tie McAfee to representations about the quality of the
20 scanning report by *generally* alleging that McAfee represents that the scan will "accurately report
21 harmful errors and other threats." *Id.* ¶24. But none of the McAfee online statements from which
22 plaintiff actually quotes promise that RPC will report anything, much less promise an accurate
23 report. Nor does plaintiff say she relied upon this type of statement. *Id.* ¶39 (referring only to
24 paragraphs 20 through 22, *not* paragraph 24).

25       These defects are not technical. McAfee cannot be charged with responsibility for
26 an allegedly misleading scan report generated not by McAfee, but by Capital's RPC software,
27 *after* plaintiff purchased and downloaded the software. Plaintiff does not and cannot point to a
28 representation *made by McAfee* before her purchase (or after) that RPC promised to report the

results of the scan accurately or at all.  Again, *McAfee did not promise that RPC would report its scan results,* only that RPC would scan plaintiff's machine and then remedy any errors found.  Plaintiff already knew she had such errors – her machine's poor performance was the reason she searched for repair software in the first place – and she does not complain about the repairs.  Moreover, plaintiff does not even allege that the errors reported (by Capital's software, not by McAfee) were not actually on her computer and fixed by RPC.  Thus, even with respect to the supposedly fraudulent report by Capital, plaintiff fails to allege specifically the falsity of the report.

        Plaintiff's generalized allegations are textbook examples of why the Rule 9(b) particularity requirement is essential.  To allege claims sounding in fraud, the plaintiff must say specifically who said what, where and when, so that the Court – and defendants – can analyze whether the allegations state a claim and defend against them.  Here, plaintiff's theory is that the report provided by RPC fraudulently induced her to keep the software beyond the 30-day return period.  But plaintiff says nothing specific to tie McAfee to this theory, thereby failing to satisfy Rule 9(b)'s specificity requirement.

    **C.**    **Plaintiff Fails to Allege Particularized Injury for Standing**

        Plaintiff must satisfy the Article III requirement for federal subject matter jurisdiction by showing that "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011), quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81 (2000). Plaintiff's complaint fails to satisfy Article III.

        Plaintiff alleges that she has been injured in the amount of the "diminished value" of RPC compared to how it was represented to her in the allegedly "fraudulent" inducement to her purchase.  Complaint ¶¶ 64, 74, 81, 88, 98.  But plaintiff does not allege any "concrete and particularized" diminishment to her.  She alleges she had trouble with her computer before she bought RPC; she *generally* alleges she relied on "Defendants" representations; and she generally

alleges that the errors RPC reported to her "did not exist." *Id.* ¶¶36, 39, 42. She does *not* allege that RPC failed to fix the problems she experienced prior to its purchase. She does *not* allege specifically how she knows the errors RPC found did not exist. And most importantly, she does *not* allege that McAfee's representations had anything to do with the allegedly injurious reporting of errors, as opposed to finding them and fixing them. This case is on all fours with the similar *Parker* matter, except that there, the plaintiff alleged that his computer continued to experience problems even after running RPC. 2012 WL 4168837 at *3. Here, plaintiff has made no attempt to establish Article III injury and therefore the suit should be dismissed for lack of subject matter jurisdiction.

### D. Plaintiff's California Statutory Claims Should Be Dismissed

Plaintiff's two statutory causes of action must be grounded in allegations of California conduct. *Sullivan v. Oracle Corp.,* 662 F.3d 1265, 1270 (9th Cir. 2011) (even for a California defendant, UCL does not apply to conduct outside California that allegedly harmed out-of-state resident); *Sullivan v. Oracle Corp.,* 51 Cal.4th 1191, 1207 (2011) ("Neither the language of the UCL nor its legislative history provides any basis for concluding the Legislature intended the UCL to operate extraterritorially."); *Gross*, 2012 WL 3116158 at *6-8; *Badella v. Deniro Marketing LLC,* 2011 WL 5358400, *11 (N.D. Cal. Nov. 4, 2011) (refusing to certify nationwide class absent "*actual evidence* regarding Defendants' actions in California … [and] particular proof that the alleged misrepresentations emanated from California"); *Tidenberg v. Bidz.com, Inc.,* 2009 WL 605249, *5 (C.D. Cal. March 4, 2009) (dismissing UCL claim because plaintiff failed to allege "specific facts linking [California-based] Defendants' contacts with California to the claims); *Parkinson v. Hyundai Motor America,* 258 F.R.D. 580, 597-99 (C.D. Cal. 2008) (to certify nationwide class, plaintiff must show significant contacts and conduct in California).

Plaintiff is a resident of New Jersey. Complaint ¶9. The First Cause of Action for violation of the UCL is based on plaintiff's allegations that the results of the diagnostic scan conducted by Capital's software were misrepresented, "scaring" consumers into "using and purchasing" RPC. *Id.* ¶58. This is the basis for plaintiff's claims under the UCL's "fraudulent"

1    and "unfair" prongs.  The "unlawful" claim is based on a supposed breach of warranty.  In turn,

2    the breach of warranty claim is based on the same allegations of supposed "false" identification of

3    errors.  *Id.* ¶78.

4    All of these allegations pertain to Capital's development of the RPC software and

5    have nothing to do with anything McAfee did.  Plaintiff admits that Capital developed the

6    software at its headquarters and offices in the Boston area.  *Id.* ¶¶11, 18.  Plaintiff alleges

7    generally that McAfee "markets" RPC, but McAfee actually does nothing but provide a virtual

8    "shelf" for Capital to place its software on.  All of the marketing and product representations are

9    provided by Capital.  De La Torre Dec. ¶2.

10   The Court need not determine whether McAfee wrote the marketing, however,

11   because a careful reading of the Complaint makes clear that the marketing statements plaintiff

12   attributes to McAfee are not the basis of the claims here.  As explained in the previous section,

13   none of the alleged McAfee statements are alleged to be false because none of them have to do

14   with the allegedly "false" reports generated by the software.  McAfee did not create that software

15   and did not create the reports.  If there was any fraudulent, unfair or unlawful practice, it

16   emanated from Boston where Capital developed the software and allegedly designed it to "scare"

17   consumers with "false" scan reports.  There is no actionable conduct by McAfee at issue here and

18   no actionable conduct in California.  Therefore, the California statutory claims should be

19   dismissed.

20   **E.   Plaintiff's Warranty and Contract Claims Fail to Allege Breach or Damages**

21   Both the warranty and contract claims require that plaintiff allege a contract

22   obligation, a breach of that obligation and damages.  *Sanders v. Apple Inc.,* 672 F. Supp. 2d 978,

23   986-87 (N.D. Cal. 2009) (warranty claim must plead "the exact terms of the warranty,"

24   "reasonable reliance" and "a breach of warranty which proximately caused plaintiff's injury");

25   *McDonald v. John P. Scripps Newspaper,* 210 Cal. App. 3d 100, 104 (1989) (contract claim must

26   plead the terms of the contract, a breach, performance or excuse by plaintiff and damages).

27   Plaintiff alleges that the warranty promised that the software would "identify and

28   repair" errors, "increase PC speed, performance and stability, and the other "beneficial tasks" set

out in paragraphs 20 through 22.  Complaint ¶78.  Plaintiff alleges that Defendants agreed, by contract, to "detect and remove legitimate computer errors." *Id.* ¶84.

The supposed breach has nothing to do with these obligations.  The alleged breach of warranty is the failure to "perform any real diagnostic test." *Id.* ¶80.  And the contract breach is the alleged failure to "honestly and accurately inform [plaintiff] about the true condition of [her] computer." *Id.* ¶87.  These are not breaches of the promises identified as contract obligations.  Rather, McAfee's alleged contract and warranty obligations (if any) have to do with providing software to find and clean errors.  Plaintiff does not say that RPC failed to do that.  Plaintiff alleges RPC failed to accurately *report* those errors to plaintiff.  The alleged breach is not a breach of the alleged warranty or contract.

For the same reason, plaintiff fails to allege any injury or damage attributable to the alleged breach.  Plaintiff does not allege that RPC failed to fix the errors on her machine.  She does not allege that the performance of her computer failed to improve after she used RPC.  Rather, she alleges that the report telling her the computer was at "high risk" was inaccurate.  But this report did not damage plaintiff or her computer.  Plaintiff purchased registry cleaner software to clean her computer and she does not allege it failed to do so.  See *Parker,* 2012 WL 4168837 at *4.  Plaintiff's warranty and contract claims fail.

### F.  Plaintiff's Implied Covenant Claim Should Be Dismissed

A cause of action for breach of implied covenant of good faith and fair dealing must allege a contract *and* "conduct that frustrates the other party's right to benefit from the contract." *Rosal v. First Fed. Bank of Cal.,* 671 F.Supp.2d 1111, 1129 (N.D. Cal. 2009).  An implied covenant claim that relies on the same acts as a companion contract claim should be dismissed. *Zepeda v. PayPal, Inc.,* 777 F.Supp.2d 1215, 1221 (N.D. Cal. 2011).  See *Gross,* 2012 WL 3116158 at *12.

The Complaint relies on exactly the same facts – word for word – for both the contract and implied covenant claims.  Both are based on the alleged failure to "honestly and accurately inform [consumers] about the true condition of their computers, and that otherwise failed to offer the level of utility promised by Defendants."  Complaint ¶¶87, 97.  Plaintiff cannot

assert a duplicate contract claim under the guise of an implied covenant theory.

## IV. CONCLUSION

For all of the above reasons, plaintiff's Complaint should be dismissed in its entirety.

Dated: November 9, 2012      STEIN & LUBIN LLP

By: /s/ Daniel K. Slaughter
Daniel K. Slaughter
Attorneys for Defendant
McAFEE, INC.